[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Polly Ann Messer, and the defendant intermarried on July 2, 1988, in Durham, Connecticut. One of the parties to this marriage, for at least twelve months preceding September 8, 1993 has resided continuously in the state of Connecticut. The only minor child born to the plaintiff since the date of the marriage, is Rosario Messer Scalise, born October 4, 1991. No individual, municipal or state agency is contributing to the support or maintenance of either of the parties or the child of this marriage.
The court heard testimony from both of the parties hereto and concludes that indeed this marriage has broken down irretrievably. Each of the parties has practiced some degree of mental cruelty on the other and there has been a degree of physical interaction between the parties, not of a tremendously serious nature and none requiring police or medical intervention.
The court concludes from the evidence while each contributed to the breakdown of the marriage the more substantial contribution to said breakdown was on account of the defendant's CT Page 11229 association and affair with another woman.
Based upon the reasonable, admissible, credible and relevant evidence, and taking into account the statutory criteria governing the courts consideration and orders distributing the marital estate by way of property settlement or alimony, the court enters the following orders in connection with this matter.
A decree is entered dissolving the marriage. The parties are awarded joint custody of the minor child whose primary residence shall be with the mother. The parties shall advise and consult with each other regarding the major developmental and elective decisions concerning the minor child medical, educational and religious life. The court approves of and orders the Access Schedule, annexed hereto which is a part of the report of the Family Services Unit of the Superior Court.
The defendant is ordered to pay to the plaintiff as support for the minor child in accordance with the legislative guidelines and its determination of the appropriate income level of the defendant, the sum of $145.00 per week. In addition, the defendant shall pay to the plaintiff within 90 days the sum of $2,000.00 as an allowance to prosecute.
The defendant shall pay to the plaintiff the sum of $110.00 per week as alimony for a period of four years from the date of this decree. Said period is appropriate to allow the child to be settled in school and the plaintiff to acquire current skills to re-enter the work place. The defendant shall nominate the minor child as an irrevocable beneficiary during the period of minority on his current life insurance policy and the plaintiff shall be named as beneficiary on said life policy to the extent of any unpaid alimony and/or property settlement. The defendant shall provide medical insurance for the benefit of the minor child and shall be responsible for any reasonable health expenses incurred on behalf of said child. In addition the plaintiff and the defendant shall cooperate in providing medical insurance coverage for the plaintiff for any appropriate, as determined under the provisions of COBRA.
The court concludes that the plaintiff has made substantial contributions toward the improvement of the marital real estate and acted over the years in reasonable reliance upon the representations made to her by the defendant that she was in fact a co-owner of the estate. In consideration of the appropriate CT Page 11230 statutory criteria including the infidelity of the defendant that provides an adequate basis, the court hereby awards the plaintiff the sum of $33,000.00 as property settlement. Any right, title, interest or claim that she may have in and to the resident property located in Durham, Connecticut, is assigned to the defendant to be his absolutely. The said property settlement shall be paid to the plaintiff without interest on or before November 1, 1996. If not paid on or before said date, interest shall accrue at 10% from December 1, 1994. Said obligation shall be secured by a second mortgage which is ordered executed by the defendant in favor of the plaintiff containing all of the usual encumbrance and agreements contained in secondary security instruments. In the event said property is sold, and or transferred by the defendant, prior to November 1, 1996, said sum shall be due and payable to the plaintiff at said time.
The Ford Taurus automobile and the grand piano are set over and assigned to the plaintiff to be hers absolutely and the automobile of the defendant as shown on his affidavit is assigned to him. The defendant shall hold the plaintiff harmless in connection with any liabilities that may be due or payable now or in the future in connection with his employment to the Internal Revenue Service or the State of Connecticut. The defendant shall be responsible for any tax or municipal claim of the town of Durham against said real estate, and they shall each be responsible for the Master Card debts as appear on their respective affidavits.
It is so ordered.
HIGGINS, J.
Judgment entered in accordance with foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk
ACCESS
 Prior to father's relocation — current orders will remain the same except that:
 a) If father is more than (1) hour late for pick-up without a phone call notifying mother of an emergency, she will not be bound to access arrangements on that occasion. CT Page 11231
 b) Both parties will have reasonably unfettered phone access to the minor child.
 After father relocates:
 Ongoing access — It is contemplated that father will have at least the following amounts of access during any calendar year:
 January A minimum of (3) days per week, (2) weekends.
February A minimum of (3) days per week, (2) weekends.
March A minimum of (3) days per week including (1) weekend.
April A minimum of (3) days per week including (1) weekend.
May A total of (14) days.
June A total of (14) days.
July A total of (14) days.
August A minimum of (12) days.
September A minimum of (12) days.
October A minimum of(12) days.
November A minimum of (12) days.
December A minimum of (12) days.
 Notice Father will give a general quarterly outline of availability for child access. Minimally he will request specific access dates by the 15th of the month prior to month wherein access is actually proposed.
HOLIDAYS
 The parties agree that the following holidays will be shared in a fair and equitable manner. The parties recognize the fact that access over (3)-day weekends are of importance to father given the fact that he intends to relocate out-of-state.
CT Page 11232
 Christmas Easter Labor Day Thanksgiving Child's Birthday Memorial Day Father's Day/Mother's Day Parents' Birthday New Years Day Halloween Martin Luther King Day Columbus Day 4th of July Valentine's Day
Vacations
 It is comtemplated [contemplated] that the parties will have the option of exercising some vacation access each year. It is understood that they will provide each other with adequate notice of their vacation intentions.
UNRESOLVED
 The parties were not able to decide how often father should be allowed to travel out-of state with Rosario. After age four it was agreed that father will have the option of taking the child for out-of state travel no more than once a month.
This agreement was the product of (3) mediation sessions encompassing approximately (8) hours. The parties fully understood what they were agreeing to and did so of their own volition.